IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MATTHEW W. BARNETT**
**ADC 3135607**                                                                                                         **PLAINTIFF**

V.                         CASE NO. 4:11CV00533 JMM

**ARKANSAS BOARD OF PAROLE, ET AL.**                                        **DEFENDANTS**

### ORDER

On June 30, 2011, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* and a Complaint with a Jury Demand against members of the Arkansas Parole Board contending that they and others had violated his constitutional rights.  On July 11, 2011, Plaintiff was granted *in forma pauperis status* and the United States Marshall was directed to serve Defendant John Felts and James Williams II.  After amending his Complaint to identify Felecia Thomas as a Defendant, the Court directed service for Defendant Thomas on August 23, 2011.

Defendant Felts and Williams filed an answer to the Complaint on August 8, 2011, rasing multiple affirmative defenses including, sovereign immunity, qualified immunity, failure to state a claim, lack of subject matter jurisdiction, failure to exhaust administrative remedies, the Clean Hands Doctrine, statute of limitations, laches, estoppel, and failure to first pursue habeas relief prior to this § 1983 action as required by applicable law.  Defendant Thomas has not filed an answer as of the date of this Order.

Plaintiff has subsequently filed a Motion for a Copy of this Court's Local Rules and for Hearing (#16); a Motion to Strike (#17); Motion for Extension of Time to Complete Discovery (#23); and Motion to Stay (#24). For the reasons stated below, all of these motions are denied.

Plaintiff's Motion for a Copy of Local Rules (#16), Motion for Extension of Time to Complete Discovery (#23), and Motion to Stay (#24) are predicated on the fact that Plaintiff is either in the custody of the Arkansas Department of Corrections or Pulaski County Detention Center. Plaintiff has recently informed the Court that he has been paroled and is now living at Sober Living on John Barrow Road in Little Rock, Arkansas. This being the case, these motions are denied.

Plaintiff's Motion to Strike (#17) is denied as Defendants Felts and Williams have raised legitimate defenses as required by Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure. Because his Motion to Strike is without merit, his Motion for a Hearing on that request (#16) is also without merit. Moreover, his request for a hearing on all future motions is denied (#16) as premature.

As noted, Plaintiff recently filed a notice of change of address (#26) indicating that he is no longer incarcerated. When plaintiffs who have been granted leave to proceed *in forma pauperis* are released from confinement, it is the Court's policy to require them to submit current information regarding financial status. Therefore, if Plaintiff wishes to proceed with this lawsuit, he is directed to submit a status update or current request to proceed *in forma pauperis* to the Court within thirty (30) days of entry of this Order. Failure to comply with this Order may result

in dismissal of this action under Local Rule 5.5(c)(2).[1]  The Clerk of Court is directed to send Plaintiff an Application to Proceed *In Forma Pauperis*, along with a copy of this Order.

IT IS SO ORDERED THIS   16   day of    September , 2011.

                                                                  *James M. Moody*
                                                                   James M. Moody
                                                                   United States District Judge

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."