IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MATTHEW W. BARNETT, ADC #135607                                         PLAINTIFF

VS.                              CASE NO. 4:11-CV-000533-JMM

ARKANSAS BOARD OF PAROLE, *et al*                                       DEFENDANTS

**ORDER**

Pending before the Court is defendants's Motion for Judgment on the Pleadings, and plaintiff's response. For the reasons stated below, the defendants's motion (#42) is granted and the case is dismissed.

Plaintiff alleges that his due process rights were violated by John Felts, the Chairman of the Arkansas Parole Board; James L. Williams, II, Hearing Examiner; and Felecia Thomas, Parole Officer, in their individual and official capacities, during a parole revocation hearing in violation of 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages.

Defendants seek dismissal based on Federal Rule of Civil Procedure 12(c) contending plaintiff has failed to state a claim for relief as a matter of law because plaintiff's claims are barred by the doctrines of sovereign, absolute and prosecutorial immunity. Defendants also allege plaintiff's claims for damages are not cognizable under § 1983 because the "conviction or sentence has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff responds by contending any immunities are inapplicable to Officer Thomas because she acted intentionally, recklessly, willfully and wantonly. Further, plaintiff argues

Officer Thomas is not immune from suit because she knew or should have known her conduct violated plaintiff's constitutional rights.

Plaintiff alleges the following. On April 1, 2009, plaintiff was sentenced to sixty months incarceration in the Arkansas Department of Corrections ("ADC"). On February 22, 2010, plaintiff was granted parole and released to the Department of Community Correction. On August 25, 2010, while serving his parole term, plaintiff was arrested pursuant to a warrant issued on July 15, 2010, for an automobile break-in where plaintiff's identification card was discovered inside the victim's automobile. On September 15, 2010, while detained at Pulaski County Regional Detention Facility, an unnamed parole officer presented plaintiff with a "Waiver of Parole Revocation Hearing" ("Waiver") document. At that time, plaintiff requested a copy of the alleged parole violations. No such document was provided to him and he refused to sign the Waiver.

On September 17, 2010, Parole Officer Felicia Thomas ("Officer Thomas") presented plaintiff the Waiver. He again requested a copy of the alleged parole violations. No copy was provided and plaintiff again refused to sign the Waiver. Officer Thomas then presented plaintiff with a "Notice of Parole Violation Action." Plaintiff told Officer Thomas that he intended to call witnesses at the Parole Revocation Hearing ("Hearing"). He also told Officer Thomas that he would confront and cross-examine the adverse witnesses against him. Officer Thomas advised plaintiff that the Hearing would be set for September 22, 2010, at 10:30 a.m. Plaintiff was advised that it was his responsibility to contact and procure his witnesses. Plaintiff requested an extension of time to gather evidence for the Hearing but was denied such an extension.

On September 22, 2010, plaintiff was brought before Hearing Examiner James L. Williams, II ("Hearing Examiner Williams"). At the Hearing, no adverse witnesses were

present. Plaintiff's parole was revoked. At conclusion of the Hearing, plaintiff was not supplied with a summary of the Hearing, including the substance of the evidence and testimony considered.

Plaintiff subsequently appealed the parole revocation to the Arkansas Parole Board ("Board"). On October 20, 2010, on behalf of the Board, Parole Commissioner John Felts affirmed the decision of Hearing Examiner Williams. The decision was reported to plaintiff. Plaintiff was returned to the custody of the ADC.

On February 12, 2011, plaintiff obtained a copy of the summary of the Hearing, including the substance of the evidence and testimony considered. Plaintiff contends Hearing Examiner Williams perjured himself before the Board by stating plaintiff had called no witnesses and by stating plaintiff had pled guilty to parole violations.

On August 31, 2011, plaintiff was again released to parole supervision and remains there to present date.

*I. Standard of Review*

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate where there are no material issues of fact to be resolved and the movant is entitled to judgment as a matter of law. *See Faibisch v. University of Minn.*, 304 F.3d 797, 803 (8th Cir. 2004); *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). In evaluation of the motion, the Court accepts all facts pled by the nonmoving party as true and draws all reasonable inferences from the facts in favor of the nonmovant. *See Waldron v. Boeing Co.*, 388 F.3d at 593. Despite leeway provided *pro se* litigants in their complaints, even a *pro se* complaint must allege facts sufficient to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

*II. § 1983 Claims*

Plaintiff's claims for damages under 42 U.S.C. § 1983 against Parole Commissioner John Felts, Hearing Examiner Williams and Officer Thomas in their official capacities are barred by the Eleventh Amendment. *See Taylor v. Selig*, 409 Fed. Appx. 986, 987 (8th Cir. 2011) (because the Eleventh Amendment immunizes states from suit, state officials acting in their official capacities are not "persons" under § 1983 when sued for damages). However, when sued for prospective injunctive relief, state officials in their official capacities are considered "persons" under § 1983, and such relief is not barred by the Eleventh Amendment. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Plaintiff, however, is not seeking prospective injunctive relief. Therefore, plaintiff's claims against defendants in their official capacities are not cognizable under § 1983.

Plaintiff's claims for damages under 42 U.S.C. § 1983 against Parole Commissioner John Felts, Hearing Examiner Williams and Officer Thomas in their individual capacities are barred by absolute immunity. *See Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (parole officials deciding to grant, deny or revoke parole perform functions similar to judges and are entitled to absolute immunity; hearing examiners and probation officers evaluating facts, drawing legal conclusions, and making recommendations which play a significant part in the decision making process are entitled to absolute immunity).

In affirming the parole revocation, Parole Commissioner John Felts performed a function similar to a judge and is entitled to absolute immunity. Hearing Examiner Williams evaluated plaintiff's case and concluded parole revocation was necessary. Hearing Examiner Williams is therefore entitled to absolute immunity. Officer Thomas prepared the parole violation report used during the Hearing and recommended plaintiff's parole be revoked. Officer Thomas is

entitled to absolute immunity. *See Anton v. Getty*, 78 F.3d at 396 (probation officers drawing conclusions and making recommendations which bear a close connection to the parole revocation decision are entitled to absolute immunity).

Plaintiff contends Officer Thomas acted intentionally, recklessly, willfully and wantonly with a malicious intention to deprive plaintiff of his constitutional rights or otherwise cause plaintiff injury and therefore Officer Thomas is not entitled to any immunity. Plaintiff correctly asserts that qualified immunity may be defeated if a government official knew or reasonably should have known the action would violate the constitutional rights of the plaintiff or if the actions were taken with the malicious intention to cause a deprivation of constitutional rights or other injury. *See Ambrose v. Young*, 474 F.3d 1070, 1077 (8th Cir. 2007).

As previously discussed, however, this Court has found that Officer Thomas is entitled to absolute immunity, not qualified immunity. Because Officer Thomas is entitled to absolute immunity the only inquiry is whether or not the subject matter of her decisions were within her official power and whether she was acting in her official capacity at the time of the decisions. *See Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) (quoting *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006)). Preparing the probation violation report, making recommendations and presenting evidence at the Hearing were all actions within the scope of Officer Thomas's official power and Officer Thomas was acting in her official capacity at the time of these events and decisions. Therefore, Officer Thomas is entitled to absolute immunity.

Based on the absolute immunity applicable to these defendants, the complaint is dismissed with prejudice.

Moreover, even if these defendants were not immune from suit, plaintiff's case would be dismissed. Plaintiff's claims seeking to recover damages by challenging revocation of his parole

and subsequent re-incarceration are not cognizable under § 1983 unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). If a plaintiff cannot make the requisite showing, dismissal is appropriate. *See Heck v. Humphrey*, 512 U.S. at 486–87 (district court must consider whether judgment in favor of plaintiff would necessarily imply invalidity of the conviction or sentence; if it would the complaint must be dismissed unless plaintiff can demonstrate that conviction or sentence has already been invalidated). Plaintiff has failed to make such a showing and the complaint would be dismissed without prejudice. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (dismissal of a claim based on *Heck* should be without prejudice).

*III. Conclusion*

Defendant's Motion for Judgment on the Pleadings is granted. All of plaintiff's claims against all defendants are dismissed. Judgment will be entered accordingly.

IT IS SO ORDERED THIS  21  day of November, 2011.

_____
James M. Moody
United States District Court